■ CHRISTOPHER I. GEORGAKIS, Respondent, v EXCEL MARITIME CARRIERS LTD., Appellant. [900 NYS2d 260]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered October 28, 2009, which denied defendant's motion to dismiss the complaint for lack of personal jurisdiction or on the ground of forum non conveniens, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Even assuming that defendant transacted business in New York, CPLR 302 (a) (1) does not authorize the courts to exercise jurisdiction over it, because there is no relationship between defendant's transaction of business and plaintiff's claims against defendant (*see Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]; *Holness v Maritime Overseas Corp.*, 251 AD2d 220, 224 [1998]).

In any event, we find that New York is not a convenient forum for this litigation between a foreign corporation and its former CEO, in which both parties are residents of Greece, which arose from conduct occurring principally in Greece, and in which the bulk of the witnesses and evidence needed by defendant to defend the action are located in Greece (*see Gonzalez v Victoria Lebensversicherung AG*, 304 AD2d 427 [2003], *lv denied* 1 NY3d 506 [2004]; *Holness v Maritime Overseas Corp.*, 251 AD2d 220, 224 [1998]; *Blueye Nav. v Den Norske Bank*, 239 AD2d 192 [1997]). Concur—Mazzarelli, J.P., Sweeny, Renwick, Freedman and Román, JJ.